\*\*E-Filed 3/29/2011\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DAVID QUESADA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JOHN MARSHALL, Warden,<br><br>　　　　　　Respondent. | Case Numbers 05:06-cv-00629 JF;<br>05:08-cv-2869 JF<br><br>**ORDER[1] DENYING PETITIONS<br>FOR WRIT OF HABEAS CORPUS** |
| DAVID QUESADA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ARTHUR KNOWLES, Acting Warden,<br><br>　　　　　　Respondent. | |

　　Petitioner David Quesada has filed two separate actions seeking a writ of habeas corpus with respect to the denial of his application for parole.  He challenges both the 2004 denial of parole by California Board of Prison Terms (" the Board") and the 2006 reversal by the Governor of a subsequent decision by the Boar granting parole.  While these petitions involve different parole proceedings, they both allege that the state court decisions upholding the denial

---

[1]This disposition is not designated for publication in the official reports

of parole violated Quesada's constitutional right to due process. The Supreme Court recently has clarified that a state with a parole system such as California's only need provide prisoners with an opportunity to be heard and a statement of the reasons why parole was denied. *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859 (2011) (per curium). Because the record shows that in each instance Quesada was afforded an opportunity to be heard and provided a statement of reasons for the denial of parole, the instant petitions will be denied.

## I. BACKGROUND

On January 27, 1987, Quesada pled guilty to second degree murder and robbery for his participation in the shooting death of a young woman on August 5, 1982. He was sentenced to a term of fifteen years-to-life for the second degree murder charge, and a three-year consecutive term for robbery. On November 16, 2004, after a hearing at which he was present and afforded an opportunity to speak, the Board denied Quesada's application for parole. The Board found that despite having "programmed in a very exceptional manner while incarcerated," Quesada was "not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety." Dec. 14, 2005 Pet. Ex. A (Nov. 16, 2004 Board Hearing). The Board discussed the reasons for its decision, including the cruelty of the commitment offense and a psychological evaluation indicating that Quesada "would still pose a low to moderate level of risk of future violence." *Id.* Quesada filed a habeas petition in the state superior court, which was denied. *Id.* Ex. D (March 23, 2006 Order of the Superior Court Denying Habeas Corpus). The court found that in addition to the nature of the underlying offense, the Board properly relied on evidence including the 2004 psychiatric report. *Id.* Quesada subsequently filed unsuccessful habeas petitions in the California Court of Appeal and the California Supreme Court. Quesada filed the first of the instant federal petitions on December 14, 2005.

On March 7, 2006, while that action was pending, Quesada appeared for another parole consideration hearing. This time, the Board determined that Quesada was suitable for parole and would not pose an unreasonable risk of danger to society. Resp't Answer to the June 9, 2008 Pet. Ex.A (March 7, 2006 Board Hearing). However, on July 27, 2006, the Governor reversed the Board's decision on the basis that "the gravity of the murder [Quesada] committed is alone

sufficient for [the governor] to conclude presently that his release from prison would pose an unreasonable public-safety risk." Resp't Answer to the June 9, 2008 Pet. Ex.A (July 27, 2006 Governor's Reversal). Quesada's subsequent habeas petitions were denied at each level of the state court system. On June 9, 2008, Quesada filed the second of the instant federal petitions, this time challenging the Governor's reversal of the Board's favorable decision.

Quesada finally was paroled on July 2, 2009. Respondent moved to dismiss Quesada's claims as moot, but this Court denied the motion, reasoning that if Quesada should have been released at an earlier date, the period of unlawful incarceration could be applied as a credit toward Quesada's current parole period. *See* Order of Aug. 14, 2009 (citing *McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003).

## II. LEGAL STANDARD

Applications for a writ of habeas corpus on behalf of prisoners in custody subject to the judgment of a state court are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a federal court reviews only the reasoning of highest state court to issue a reasoned opinion addressing the petitioner's federal claim. 28 U.S.C. § 2254(d); *see also Mendez v. Knowles*, 556 F.3d 757, 767 (9th Cir. 2009) (noting that a court must "look through" any unexplained orders to analyze the last reasoned opinion reaching the merits of the federal claim). The federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has held that there is a difference between "contrary to" clearly established law and an "unreasonable application" of that law under § 2254(d). *Williams v. Taylor,* 529 U.S. 362, 404 (2000). A decision is "contrary to" established federal law where either the state court's legal conclusion is contrary to that of the Supreme Court on a point of law, or is materially indistinguishable from a Supreme Court case, yet the legal result is opposite. *Id.* at 404-05. Conversely, an "unreasonable application" of established law applies where the

3
Case No. 05:06-cv-0629 JF; 05:08-cv-2869 JF
ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS
(JFLC3)

state court identifies the correct governing legal rule from Supreme Court cases, yet unreasonably applies it to the facts of the particular state case. *Id.* at 406. The petitioner must do more than merely establish that the state court was wrong. *Id.* at 409-10. He must prove that the state court's application of clearly established federal law was objectively unreasonable. *Id.* (stating "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one.").

## III.  DISCUSSION

Quesada contends that neither the Board's decision in 2004 nor the Governor's decision in 2006 was supported by reliable, relevant evidence that his parole would pose "an unreasonable risk of danger" to public safety. He argues that the state court rulings upholding those decisions unreasonably applied California's requirement that such decisions be supported by "some evidence" and thus deprived him of his due process rights under the Fourteenth Amendment of the United States Constitution.

In analyzing an alleged violation of due process, a court first must ask "whether there exists a liberty or property interest of which a person has been deprived." *Swarthout*,131 S. Ct. 859 (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). If such an interest is found, the court then asks "whether the procedures followed by the state were constitutionally sufficient." *Id.* In *Swarthout*, the Supreme Court considered the liberty interest implicated by California's parole procedures. It observed that "[t]here is no right under the Federal Constituion to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. *Id.* (citing *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 12 (1979)). At the same time, a state may create a liberty interest by establishing a process for granting parole to prisoners.[2] When it does

---

[2] California's parole statute provides that the Board "shall set a release date" unless it determines that "the gravity of the current convicted offense or offenses, or the timing and gravity of current or past offenses, is such that consideration of the public safety requires a more lengthy period of incarceration." Cal. Penal Code § 3041(b). Section 8(b) of Article V of the

4
Case No. 05:06-cv-0629 JF; 05:08-cv-2869 JF
ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS
(JFLC3)

so, the Due Process Clause requires fair procedures for the vindication of such an interest. *Id.*

However, the Supreme Court held that in the context of parole, the procedures required are minimal: "A prisoner subject to a parole statute similar to California's receive[s] adequate process when he [is] allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.* (citing *Greenholtz*, 442 U.S. at 16). The Court explicitly rejected the Ninth Circuit's view, relied upon by Quesada in the instant case, that the Due Process Clause requires that California's "some evidence" standard be properly applied. *Id.*; *cf. Hayward v. Marshall*, 603 F.3d 546, 559 (9th Cir. 2010). The Court determined that because the federal right at issue is procedural, the relevant inquiry in the federal habeas context is solely what process the prisoner received, not whether the state court reviewing the decision of the Board or the Governor decided the case correctly. *Id.*

*Swarthout* establishes that the minimal procedural requirements are met when prisoners are (1) "allowed to speak at their parole hearings and contest the evidence against them," (2) "afforded access to their records in advance," and (3) "notified as to the reasons why parole was denied." 131 S. Ct. at 859. Here, Quesada was allowed to speak on his behalf during both the 2004 and 2006 Board hearings. *See* Nov. 16, 2004 Board Hearing; March 7, 2006 Board Hearing. The record also shows that both the Board in 2004 and the Governor in 2006 provided detailed reasons for denying Quesada's parole. *See e.g.,* Nov. 16, 2004 Board Hearing ("[T]his is a one year denial, and it's based largely on the commitment offense"; "One of the factors in determining our decision today was the psychiatric evaluation."); July 27, 2006 Governor's Reversal ("I find that the gravity of the second-degree murder he committed presently outweighs any positive factors tending to support his parole suitability."). The state court rulings reviewing

---

California Constitution provides that the Governor may "affirm, modify, or reverse the decision of the parole authority on the basis of the same factors which the parole board is required to consider." The California Supreme Court has determined that "this requirement gives rise to a liberty interest protected by due process of law," and is subject to judicial review. *In re Rosenkrantz*, 29 Cal. 4th 616, 664 (2002). The California Supreme Court has explained that "the standard of review properly is characterized as whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." *In re Lawrence*, 44 Cal. 4th 1181, 1191 (2008).

these decisions cite the reasons articulated.  *See* March 23, 2006 Order of the Superior Court Denying Habeas Corpus ("The record presented to this Court for review demonstrates that there was certainly some evidence, including, but not limited to the committing offense and the psychiatric report o[f] May 4, 2004, indicating that Petitioner remained a low to moderate risk of future violence if released in the community."); Jan 22, 2008 Order of the Superior Court Denying Habeas Corpus ("The Governor's determination that Petitioner poses an unreasonable risk of danger to society if released because the murder was especially aggravated, relied upon facts beyond the minimum elements of second degree murder, took into consideration all relevant and reliable factors, and is supported by some evidence."). Quesada does not allege that he was denied access to his records in either petition.

Nothing in the record indicates that Quesada was denied an opportunity to be heard or deprived a statement of the reasons why parole was denied.  While Quesada is dissatisfied with those reasons and believes that the state courts upholding those decisions misapplied California's "some evidence" requirement, that is a matter of state law.  As the Supreme Court has emphasized repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

### III. ORDER

The petitions for writ of habeas corpus are DENIED.

**IT IS SO ORDERED.**

DATED: March 29, 2011

_____
JEREMY FOGEL
United States District Judge